RHONE-POULENC, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85-5-00722

(Decided June 26, 1987)

*Donohue and Donohue (James A. Geraghty)* for plaintiff.

*Judge Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Department of Justice (*John J. Mahon* and *Susan Handler-Menahem)* for defendant.

DiCARLO, *Judge:* Plaintiff challenges the United States Customs Service (Customs) classification of two grades of synthetic silica, Ze–O–Sil 125 and Ze–O–35, under item 423.00, Tariff Schedules of the United States (TSUS), covering "Other inorganic compounds: * * * Other." The Court has jurisdiction under 28 U.S.C. § 1581(a) (1982) and holds in favor of plaintiff.

Plaintiff asserts that the merchandise is properly classifiable in the *eo nomine* provision covering "Silica, not specially provided for," item 523.11, TSUS. An *eo nomine* provision includes all forms of the named article unless limited by its terms, or contrary to legislative intent, judicial decisions, long standing administrative practice, or demonstrated commercial designation. *See, e.g., Crosse & Blackwell Co.* v. *United States,* 36 CCPA 33, C.A.D. 393 (1948). An *eo nomine* provision for a naturally occurring substance also includes the substance when artificially produced when the artificial product contains characteristics essentially similar to the natural product. *See, e.g., Christensen Diamond Products Co.* v. *United States,* 54 Cust. Ct. 221, C.D. 2537, 243 F. Supp. 212, *appeal dismissed,* 53 CCPA 155 (1965).

After trial, the Court made a finding of fact that the synthetic products at issue have the essential characteristics of natural silica. The only question remaining is whether defendant is correct in its assertion that it would be contrary to legislative intent to include the subject merchandise within this *eo nomine* provision for silica.

Defendant first argues that the legislative history indicates that Congress intended only mineral silica to be covered by item 523.11, TSUS. In support of this position, defendant cites to paragraph 207 of the Tariff Act of 1922, a predeccessor to item 523.11, TSUS, which covered:

> Clays or earths, unwrought or unmanufactured, including common blue clay and Gross-Almerode glass pot clay, not specially provided for, $1 per ton; wrought or manufactured, not specially provided for, $2 per ton; china clay or kaolin, $2.50 per ton; bauxite, crude, not refined or otherwise advanced in condition in any manner, $1 per ton; fuller's earth, unwrought and unmanufactured, $1.50 per ton; wrought or manufactured, $3.25 per ton; silica, crude, not specially provided for, $4 per ton; silica, suitable for use as a pigment, not specially provided for, $7.50 per ton; fluorspar, $5.60 per ton.

Defendant claims the other categories of merchandise mentioned are mineral materials, and therefore Congress intended that only mineral silica and not artificial silica be covered by paragraph 207 under the doctrine of *noscitur a sociis* (the meaning of a word may be ascertained by reference to the meaning of words associated with it), citing *United States* v. *Imperial Wall Paper Co.,* 14 Ct. Cust. App. 280, 283, T.D. 41886 (1926). Defendant also relies on the legislative history to the Tariff Act of 1930 which describes silica only in

terms of a natural substance obtained from the ground. *See Summary of Tariff Information 1929,* Schedule 2, 457–458, 461–462 (1929).

If the Court were interpreting the Tariff Act of 1922 or 1930, defendant's arguments might prove persuasive. The Court is concerned, however, with item 523.11 of the TSUS enacted in 1962. Legislative history for the TSUS reveals Congress was seeking to combine separate provisions for silica under a single *eo nomine* provision:

> Item 523.11 embraces silica, not specially provided for. Crude silica is currently dutiable at $1.75 per tone under the provisions of paragraph 207, and silica not specially provided for is duty free under paragraph 1775. Under current rulings (CD 68; CIE 2283/57), silica crushed and screened to a specific size for a specific use has been held to be not crude and, therefore, entitled to free entry under paragraph 1775. In view of this ruling, it is likely that practically all future imports of silica will be free of duty. Imports of crude silica have been negligible for many years. In 1955, the latest years imports of crude silica were reported, they amounted to $710. Inasmuch as the provision for silica in paragraph 207 is not effective, it is being dropped.

7 *Tariff Classification Study: Explanatory and Background Materials,* Schedule 5, 36–37 (1960).

At the time of the adoption of the TSUS, the rule that an *eo nomine* provision not specifically limited covers a synthetically produced form of the named item already was judicially established. *See A.N. Deringer, Inc.* v. *United States,* 38 Cust. Ct. 327, 330–331, C.D. 1882 (1957) (and cases cited therein). Absent any definite legislative history indicating a contrary intent for the *eo nomine* provision for silica, the Court will not ignore established precedent holding that an unqualified provision for a natural product covers an essentially similar artificial product.

Defendant claims that the subject merchandise is similar to what was once commonly referred to and understood to be silicic acid. Defendant maintains that the legislative history of silicic acid demonstrates it was provided for separately and its predecessor provisions eventually were subsumed into item 416.45, TSUS, covering "Inorganic acids: * * * Other." Based upon the manner in which the subject merchandise is created, however, defendant asserts that it is more like an anhydride than an acid and argues that pursuant to Headnote 1 to Schedule 4, part 2, subpart B the merchandise is properly classified "conceptually" as the anhydride of silicic acid in item 423.00, TSUS, which covers "Other inorganic compounds: * * *. Other." Headnote 1 to Schedule 4, part 2, subpart B states: "This subpart covers monobasic, diabasic, and polybasic inorganic acids. Salts and anhydrides of these acids are provided for in subpart C of this part."

Whether or not the Court accepts defendant's position that the subject merchandise is an anhydride of silicic acid, the Court finds that Congress did not intend an anhydride of silicic acid to be classified in the basket provision for inorganic compounds, under item 423.00, TSUS.

The legislative history of item 423.00, TSUS states in part: "Item 423.00 covers other inorganic chemical compounds. This 'basket' item contains chemicals formerly provided for in paragraphs 5, 82, 1601, and 1737 of the present tariff act [the Tariff Act of 1930]." 6 *Tariff Classification Study: Explanatory and Background Materials,* Schedule 4, 57 (1960). Item 1601 of the Tariff Act of 1930, derived from item 1501 of the Tariff Act of 1922, covered certain acids and acid anhydrides, including certain of the acids covered in subpart B, Schedule 4, part 2 governed by Headnote 1 such as hydrochloric, hydrofluoric, nitric, and sulfuric, but item 1601 did not cover silicic acid or its anhydrides.

As defendant pointed out in its brief, the legislative history of silicic acid and anhydrides thereof shows that these were placed only in paragraph 1 of the Tariff Act of 1922 which later became paragraph 1 of the Tariff Act of 1930. Item 423.00, TSUS was not derived from paragraph 1 of the Tariff Act of 1930. From this legislative history, the Court concludes that Congress did not intend to have an anhydride of silicic acid classified in item 423.00, TSUS.

Also, silica ($SiO_2$) is the only anhydride of silicic acid of which the Court is aware. *See Merck Index of Chemicals and Drugs,* Seventh Ed. 934 (1960) (defining silica as "Silicon dioxide; silicic anhydride. $SiO_2$ * * *"). Silica is specially provided for *eo nomine* under item 523.11, TSUS. Since the Court has found that the subject merchandise has the essential characteristics of silica, even if it were considered silicic anhydride, Headnote 1 of Schedule 4, Part 2 would be controlling. That headnote states that "This part covers chemicals, except those provided for elsewhere within this schedule *and those specially provided for in any of the other schedules* [emphasis added]."

In light of these findings and after review of all the relevant legislative history, the Court is not persuaded that Congress intended to limit the *eo nomine* provision for silica so as to exclude an artificial silica such as the merchandise at issue. The Court holds the subject merchandise to be properly classified under item 523.11, TSUS. Judgment will be entered accordingly.